UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSHUA LATHAM,
CDCR #G-48528,

Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

Case No.:  22-cv-842-MMA (MSB)

**ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915A(b)**

On May 2, 2022, Plaintiff Joshua Latham, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the San Diego County Superior Court.  Doc. No. 1-3.  Defendants removed the action to this Court on June 8, 2022.  Doc. No. 1.  Because the Complaint is duplicative of a Complaint Plaintiff is currently litigating in this Court, it is subject to dismissal.

### Screening Pursuant to 28 U.S.C. § 1915A(b)

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915A(b), which provides that the Court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a

claim, or seeks damages from defendants who are immune.  *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding."  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

Plaintiff's claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because they are duplicative of claims he raised previously in another civil action he filed in this Court, which is currently pending, *Latham v. Pollard, et al.*, S.D. Cal. Civil Case No. 20cv2177-LAB (BGS).  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Having now reviewed both pleadings, the Court finds the claims and factual allegations in Plaintiff's current Complaint are identical and thus duplicative of those he is currently litigating in S.D. Cal. Civil Case No. 20-cv-2177-LAB (BGS).  Plaintiff alleges in the current case that while housed at the Richard J. Donovan Correctional Facility, officers from the Investigative Services Unit focused "an illegal microwave weapon on the Plaintiff at all times in a team effort to stalk, sexually abuse, torture, attempt to murder, invade his privacy, retaliate, coerce and manipulate him by use of force with the chemical assent and known carcinogen radiation," and "zoomed in on Plaintiff's genitals with body scanner images and sent radiation to his penis to forcefully give him erections with the microwave weapon while they taunted him with their microphones everyday from June 1, 2019 to August 16, 2021."  Doc. No. 1 at 4.  He alleges in Case No. 20-cv-2177-LAB (BGS) that in 2019–2021 "the Investigative Services Unit officers [at R.J. Donovan were] stalking, sexually abusing, torturing, invading my privacy, assault and bettering, coercing and manipulating me by use of force with a radioactive technology/weapon covertly from computer," and that Investigative Service Unit officers are using "radiation" to "listen to my thoughts, force thoughts into my mind, interfere with my thoughts, control my body movements, control my speech,

control my emotions, use my eyes as their cameras, use my ears to listen, view my body [with] scanner image with capabilities that allow them to zoom in on my organs/body [to] cause erections, cause erections to go away, cause chest pains, cause headaches, cause me to vomit, choke me out and control my breathing, [and] strain and control my intestines and bladder." *See* Case No. 20-cv-2177-LAB (BGS), Doc. No. 30 at 3; Doc. No. 31 at 10.

"A prisoner's claims are considered frivolous under 28 U.S.C. § 1915A(b)(1) if they "merely repeat[] pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Because Plaintiff is currently litigating the same claims presented in this action as he is in Case No. 20-cv-2177-LAB (BGS), the Court must dismiss this case without leave to amend as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## CONCLUSION

The Court **DISMISSES** the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b). Since amendment would be futile, the dismissal is without leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend."). The dismissal is without prejudice to Plaintiff pursuing his claims in Case No. 20-cv-2177-LAB (BGS). The Court **DIRECTS** the Clerk of Court to close the case and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated: June 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge